NO









NO. 12-09-00302-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JAMES DEAN LUCAS,

APPELLANT                                                     '     APPEAL
FROM THE 3RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

PER
CURIAM

James
Dean Lucas appeals his conviction for assault on a public servant, for which he
was sentenced to imprisonment for twenty years.  Appellant=s
counsel filed a brief in compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d
493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969).  We dismiss the appeal.

 

Background

Appellant is an inmate.  While
incarcerated in the Texas Department of Criminal Justice (“TDCJ”), Appellant
struck TDCJ Correctional Officer Leonard Young in the face while Young was
attempting to place handcuffs on Appellant, whom he believed had entered
another inmate’s cell.  Appellant was charged by indictment with assault on a
public servant and pleaded “not guilty.”  The matter proceeded to a jury
trial.  Following the presentation of evidence, the jury found Appellant
“guilty” as charged.  The matter proceeded to a jury trial on punishment, after
which the jury assessed Appellant’s punishment at imprisonment for twenty
years.  The trial court sentenced Appellant accordingly and ordered Appellant’s
sentence run consecutively to his current sentence.  This appeal followed.

 

 

Analysis Pursuant to Anders v. California

Appellant=s counsel filed a brief in
compliance with Anders v. California and Gainous v. State.
 Appellant=s counsel
states that she has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  She further relates that she is well
acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s brief presents a chronological summation of
the procedural history of the case and further states that Appellant=s counsel is unable to
raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s
counsel has moved for leave to withdraw.  See also In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the
motion for consideration with the merits.  Having done so and finding no
reversible error, Appellant=s
counsel=s motion for
leave to withdraw is hereby granted and the appeal
is dismissed.[2]

Opinion
delivered July 14, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH) 

 









[1]
In her motion to withdraw, Appellant’s counsel indicates that that she provided
Appellant with a copy of this brief.  Appellant was given time to file his own
brief in this cause.  The time for filing such a brief has expired and we have
received no pro se brief.





[2] Counsel has a duty to, within five days of the date
of this opinion, send a copy of the opinion and judgment to Appellant and
advise him of his right to file a petition for discretionary review.  See
Tex. R. App.  P. 48.4; In
re Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review on his behalf or
he must file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Texas Rule of Appellate Procedure 68.4. 
See In re Schulman, 252 S.W.3d at 408 n.22.